IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


THUAN MINH PHAM,

        Plaintiff,

v.                                    Civil Action No. 5:16CV176
                                                          (STAMP)
JENNIFER SAAD, Warden,
BARBARA WAGNER, Warden,
MS. RICE, Chief of Unit Management,
MS. POTTER, Unit Manager, and
MS. K. KIRKLAND, Case Manager

        Defendants.


<u>MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE,
GRANTING DEFENDANTS' MOTION TO DISMISS
CONSTRUED AS A MOTION FOR SUMMARY JUDGMENT
AND DISMISSING PLAINTIFF'S COMPLAINT
WITHOUT PREJUDICE AS TO WAGNER AND RICE,
GRANTING DEFENDANTS' MOTION TO DISMISS OR
ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT
AND DISMISSING PLAINTIFF'S COMPLAINT
WITH PREJUDICE AS TO SAAD, POTTER, AND KIRKLAND,
DENYING PLAINTIFF'S MOTION TO HOLD SUIT IN ABEYANCE AS MOOT,
OVERRULING PLAINTIFF'S OBJECTIONS AND
DENYING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL</u>


I.  <u>Background</u>


     The <u>pro se</u>[1] plaintiff, Thuan Minh Pham ("Pham"), an inmate

formerly housed at FCI Hazelton,[2] filed this civil action asserting

claims under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403

_____

     [1]"<u>Pro se</u>" describes a person who represents himself in a court
proceeding without the assistance of a lawyer.  <u>Black's Law
Dictionary</u> 1416 (10th ed. 2014).

     [2]The docket indicates that plaintiff is presently incarcerated
at FCI Hazelton in Bruceton Mills, West Virginia.

U.S. 388 (1971). In his complaint, plaintiff, a Vietnamese citizen who contends he has a "non-deportable status," alleges claims against the defendants for Fifth and Fourteenth Amendment due process violations regarding his alleged miscalculated custody classification as a deportable alien. ECF No. 1. Plaintiff requests relief pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 2243, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651, alleging that the actions of the Federal Bureau of Prisons ("BOP") have denied him eligibility for UNICOR work; wrongfully put a Public Safety Factor ("PSF") of "Deportable Alien" on his record, causing him to lose his UNICOR job in the prison; preventing him from eligibility for the Residential Drug Abuse Treatment Program ("RDAP"); barring him from early release to a Residential Reentry Center ("RRC")/Halfway House; and incarcerating him over five hundred miles away from his family. Id.

The plaintiff contends that he exhausted his administrative remedies and, as relief, plaintiff seeks injunctive relief in the form of a directive from this Court to require the BOP to remove the PSF from his record; transfer him to a minimum security prison closer to his family; permit him to participate in a RDAP program; permit him to be released to a RRC/Halfway house; and place him in a union work facility. Further, he seeks $250,000.00 "for punitive damages and mental anguish" from each of the named defendants. Id.

Defendants filed a motion to dismiss or, alternatively, motion for summary judgment, along with a memorandum in support, attaching, among other exhibits, a declaration of Lisa Potter. ECF Nos. 27 and 28. Defendants assert that (1) plaintiff failed to administratively challenge his eligibility for prison employment before filing this case; (2) even if all of plaintiff's claims were administratively exhausted, his complaint fails to state a legally cognizable <u>Bivens</u> claim against defendants Saad, Potter, and Kirkland because plaintiff fails to state viable constitutional claims, the defendants are entitled to qualified immunity; (3) the BOP has full discretion to classify inmates and federal inmates have no constitutional right to a specific custody classification; (4) the BOP has extensive discretion to determine the eligibility of inmates to participate in rehabilitative programs; Pham has no constitutional right to participate in RDAP and his assertion that he was precluded from doing so fails to state a constitutional claim; (5) the BOP has broad discretion to decide where inmates will be incarcerated and federal inmates have no constitutional right to be incarcerated in a particular place, therefore, Pham's request to be transferred or released to a RRC or halfway house do not present constitutional claims; (6) federal inmates have no constitutional right to employment and therefore, Pham's claim in this regard fails to state a viable <u>Bivens</u> claim; and (7) plaintiff

has not alleged that he suffered any physical injury, thus he is precluded from recovering damages for emotional distress. Id.

Plaintiff filed his response in opposition, styled as a Motion to Hold 28 U.S.C. § 1331 Bivens Suit in Abeyance Pending 28 U.S.C. § 2241 Outcome. ECF No. 33. Plaintiff requests "the 1331 matter to be held in abeyance until such time as the 2241 matter is resolved." ECF No. 33 at 1. Plaintiff also reiterates his arguments in an attempt to refute the defendants' motion. Plaintiff "seeks hearing on the issues of his discriminatory execution of a simple Federal sentence to prison, and the Constitutional Right to Equal treatment as other inmates." ECF No. 33-1 at 2.

Defendants Wagner and Rice filed a motion to dismiss, attaching affidavits and other documents, and a memorandum in support. ECF Nos. 35 and 36. In support, defendants Wagner and Rice argue that the complaint should be dismissed for improper service of process, lack of personal jurisdiction, or alternatively, for failure to state a claim. ECF No. 36.

Plaintiff filed an untimely "Supplement to Plaintiffs Petition for Federal Civil Rights Complaint (Bivens Action)" with numerous attachments, in opposition to the motion to dismiss of defendants Wagner and Rice. ECF No. 43. Plaintiff asserts a new claim of retaliation, and alleges that the staff at FCI Gilmer and the staff at FCI Hazelton violated his right to the exercise of a

constitutionally protected activity by transferring him to FCI Hazelton in retaliation for his having filed the instant civil rights action, and that the FCI Hazelton staff put a Management Variable ("MGTV") on him for exercising his constitutional right to file this lawsuit. ECF No. 43 at 3. Plaintiff also alleges that after he arrived at FCI Gilmer, his Greater Security Management Variable should have been removed because "the Shot got Expunged." ECF No. 43 at 3.

This civil action was referred to the United States Magistrate Judge for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. By order entered on September 15, 2017, this case was reassigned from Magistrate Judge James E. Seibert to Magistrate Judge Michael John Aloi.

United States Magistrate Judge Aloi entered a report and recommendation. ECF No. 44. The magistrate judge found that "[w]ith regard to the actions of Defendants Wagner and Rice, who are both ACCC personnel, Plaintiff has failed to assert any contact by them with the State of West Virginia, much less the minimum contact necessary to satisfy the Due Process Clause." ECF No. 44 at 12. Thus, based on the information contained in the complaint, the magistrate judge concluded that the Court cannot exercise personal jurisdiction over any personnel at Adams County Correctional Center ("ACCC"), because any action they took appears not to have occurred anywhere in West Virginia, and there is no

indication that these defendants had any contact with the State of West Virginia.

The magistrate judge found that defendants Wagner and Rice should be dismissed without prejudice as defendants in this matter, and further, that it is apparent from Pham's statement regarding the failure to effectuate service on these two defendants, that he concedes to their dismissal from this action.

The magistrate judge also found that despite plaintiff's claim in his complaint that he exhausted his administrative remedies on all of his claims, it is apparent from a thorough review of the record that while plaintiff did exhaust his claims regarding his "Deportable Alien" PSF, his request to be transferred to a correctional facility closer to his family, and his claim that the Deportable Alien PSF precludes his participation in RDAP and/or being transferred to an RRC, he never even initiated the grievance process regarding his claim of being denied prison employment before he filed suit. ECF No. 44 at 20.

The magistrate judge also states that beyond naming Warden Saad in the caption of the case in his complaint and identifying her as a party whose position at FCI Gilmer was the "warden," plaintiff never again mentions Warden Saad in his complaint. ECF No. 44 at 23. The magistrate judge concluded that the plaintiff has failed to identify any action taken by defendant Saad that violated his constitutional rights, and therefore, Saad, as the

6

Warden of FCI Gilmer, should be dismissed from this case. ECF No. 44 at 23.

The magistrate judge also found that the record indicates that BOP staff used their professional judgment when designating plaintiff as a deportable alien custody level inmate in October 2005 and that this classification was based on his Vietnamese citizenship. Because Pham's inmate file reveals no information to suggest that he has become a naturalized United States citizen or that Immigration and Customs Enforcement has decided not to deport him, his Deportable Alien PSF has not been removed. The magistrate judge stated that even if the Court found that the plaintiff's custody level was incorrect, such an error does not rise to the level of a due process violation. An inmate does not have a constitutional right to be placed in a specific security classification, and custodial classifications do not create a major disruption in a prisoner's environment. To the extent that the plaintiff alleges that his "Deportable Alien" PSF custody classification has prevented him from being housed at lower-security institutions or barred him from participating in certain rehabilitation programs, the same fails to state a ground for relief. ECF No. 44 at 29. To the extent that plaintiff is attempting to assert an Equal Protection claim regarding being subject to restrictions to rehabilitative programs that other inmates are not subject to, such a claim fails, because he does not

show that he is being treated differently from similarly situated persons, i.e., non-citizen prisoners, or that the restrictions on community-based treatment or early release are irrational. ECF No. 44 at 30. Finally, the magistrate judge found that Pham's claim that he is entitled to be transferred to a facility closer to his family, instead of "over (500) miles" away, fails to state a constitutional claim as well. ECF No. 44 at 30. Therefore, the magistrate judge found that none of plaintiff's claims regarding his Deportable Alien PSF and its concomitant effects on his incarceration and rehabilitative options state a cognizable <u>Bivens</u> claim against these defendants. Because it appears that no genuine issue of material fact exists with regard to these claims, the magistrate judge found that summary judgment on the same should be granted for defendants Potter and Kirkland. ECF No. 44 at 32.

Lastly, the magistrate judge found that plaintiff's retaliation claims are untimely as they were raised for the first time over eleven months after he filed the instant <u>Bivens</u> action. All of these alleged acts occurred almost nine months after plaintiff filed the instant complaint, and are unrelated to any of the claims in this <u>Bivens</u> action; moreover, they include claims not only against FCI Gilmer staff, but also against FCI Hazelton staff, who are not even named defendants in this action. Accordingly, the magistrate judge did not consider these claims in the report and recommendation and advised that if plaintiff wishes to attempt to

pursue these new claims, he must file another <u>Bivens</u> complaint and pay the filing fee. ECF No. 44 at 32-33.

The magistrate judge recommended that the motion to dismiss of defendants Wagner and Rice (ECF No. 35), herein construed as a motion for summary judgment, be granted and plaintiff's complaint (ECF No. 1) be dismissed without prejudice as to them; the motion to dismiss, or alternatively, motion for summary judgment of defendants Saad, Potter, and Kirkland (ECF No. 27) be granted and that the plaintiff's complaint (ECF No. 1) be denied and dismissed with prejudice as to them. Further, the magistrate judge recommends that plaintiff's pending motion to hold his 28 U.S.C. § 1331 <u>Bivens</u> suit in abeyance pending the 28 U.S.C. § 2241 outcome (ECF No. 33) be denied as moot.

The magistrate judge informed the plaintiff that **"[w]ithin fourteen (14) days after being served with a copy of the Report and Recommendation**, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d

91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984)." ECF No. 45 at 33-34 (emphasis in original).

The plaintiff filed objections to the magistrate judge's report and recommendation on February 12, 2018, and raises five objections. ECF No. 46. First, plaintiff objects to the report and recommendation by stating that the court has a duty to liberally construe his pleading as a _pro se_ litigant, and asserts that "the Magistrate Court's R&R fails to meet the Fourth Circuit's standard regarding a generous - liberally construed claim." _Id._ at 2. Second, plaintiff filed an objection that states "the Court failed to consider whether Saad is liable for the subordinates actions." _Id._ at 3. Third, plaintiff objects to the portion of the magistrate judge's report and recommendation which "sets forth the provision of P.S. 5100.08(H) regarding the Deportable Alien Public Safety Factor (on page 27 lines 14-16)" and states "Pham does have an equal protection claim, to be treated like all other inmates, specifically to have the policy properly applied to him, and in doing so he is not a deportable alien, for purposes of P.S. 5100.08(H), and should not have been subjected to the Public Safety Factor." _Id._ at 4. Fourth, "Pham asks this Court to find that exhaustion should be excused regarding Pham's employment claims." _Id._ at 5. Lastly, plaintiff "asks this Court at a minimum, should this Court find a dismissal is warranted, that the dismissal be

without prejudice, with regards to defendants Kirkland and Potter"
because he has proceeded pro se.   Id. at 6.

   Plaintiff then filed a "motion for voluntary dismissal" (ECF
No. 47) in which he requests that this Court "dismiss his claims
without prejudice" on the basis that he presented his claim pro se
and "that this claim may have been presented in a much better
fashion."  ECF No. 47 at 1.  Plaintiff asserts that he "should be
afforded a dismissal without prejudice, to allow him to revisit the
case with counsel or more experienced assistance."   ECF No. 47
at 2.

   Defendants Saad, Potter, and Kirkland filed a response in
opposition (ECF No. 48) to plaintiff's motion for voluntary
dismissal and assert that "Pham's request is a belated attempt to
circumvent this Court's pending recommendation that Pham's claims
against Saad, Potter, and Kirkland should be dismissed with
prejudice because Pham failed to present any viable legal claim
against these defendants."  ECF No. 48 at 1.  Defendants contend
that the plaintiff "waited until it became clear that he is
unlikely to succeed in this case to belatedly ask to voluntarily
dismiss his case without prejudice" and that "[s]uch strategic
gamesmanship, without more, cannot support a voluntary dismissal
after this case has reached its current advanced stage."  ECF No.
48 at 6.  Further, defendants assert that "allowing Pham to dismiss
his complaint without prejudice would undermine the interests of

finality, efficiency, expediency, and preserving judicial resources by empowering Pham to start over, take another bite at the proverbial apple, and wholly revive a lawsuit that is already nearly resolved." ECF No. 48 at 6-7.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. <u>Applicable Law</u>

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u> as to those findings to which objections were made. As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. <u>Discussion</u>

### A. <u>Plaintiff's General Objection of "Liberal Construction"</u>

First the plaintiff states, "[a]t the onset of Phams objections, he sets forth, a general objection (relating to all of his claims) to the Magistrates R & R, as it relates to the court's duty to liberally construe his pleadings, as a pro se litigant, "liberally." ECF No. 46 at 1-2.

A complaint filed by a _pro se_ plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." _Erickson v. Pardus_, 551 U.S. 89, 94 (2007) (per curiam) (quoting _Estelle v. Gamble_, 429 U.S. 97, 106 (1976)); _see, e.g._, _King v. Rubenstein_, 825 F.3d 206, 212, 214 (4th Cir. 2016).

This Court has conducted a de novo review of the magistrate judge's report and recommendation and finds that the magistrate judge has afforded the _pro se_ plaintiff's pleadings liberal construction and construed plaintiff's pleadings accordingly throughout the report and recommendation.

B. _Adams County Correctional Center Employees_

This Court notes no objection by the plaintiff to the portion of the magistrate judge's report and recommendation concerning the plaintiff's claims against the Adams County Correctional Center Employees which finds that this Court lacks jurisdiction. The magistrate judge correctly determined that the record shows that these defendants lacked contact with the State of West Virginia. Accordingly, for lack of jurisdiction and plaintiff's statement regarding the failure to effectuate service on these two defendants, the magistrate judge's report recommends both defendants Wagner and Rice should be dismissed without prejudice as defendants in this matter. This Court finds no error in any of the

above determinations of the magistrate judge and thus upholds his rulings.

C. Exhaustion of Administrative Remedies

As part of his objections to the report and recommendation, plaintiff "asks this Court to find that exhaustion should be excused regarding Pham's employment claims" and "asks this Court to adjudicate this claim on the merits, or in the alternative remand the case back to the Magistrate Court for a merits based determination." ECF No. 46 at 5.

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. See Porter, at 524 (citing Booth, 532 U.S. at 741). Under § 1997e(a), the exhaustion requirement depends on the "availab[ility]" of administrative remedies: An inmate must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 136 S. Ct. 1850, 1858 (2016).

14

Where exhaustion is not apparent from an inmate's pleading, "a complaint may be dismissed on exhaustion grounds so long as the inmate is first given an opportunity to address the issue." Custis v. Davis, 2017 U.S. App. LEXIS 5147 (4th Cir. 2017) (quoting Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008)).

This Court has conducted a de novo review of the portion of the magistrate judge's report and recommendation concerning the plaintiff's exhaustion of remedies and finds that the plaintiff, despite opportunity, has not addressed the issue of failure to exhaust all of his claims. As a result, only plaintiff's claims regarding his Deportable Alien PSF, his request to be transferred to a correctional facility closer to his family, and his claim that the Deportable Alien PSF precludes his participation in RDAP and/or being transferred to an RRC were exhausted. Consistent with Custis v. Davis, this Court finds that plaintiff has had the opportunity to address the issue of failure to exhaust his administrative remedies in regard to his employment claims and finds that his failure to exhaust his employment claims cannot be excused.

D.  Jennifer Saad, Warden of FCI Gilmer

Plaintiff objects to the magistrate judge's "recommendation to dismiss with prejudice, the complaint against defendant Saad" and states that "[d]efendant Saad, may be held liable, even though not personally involved in the alleged wrong doing" as a supervisor. ECF No. 46 at 2. The plaintiff states that "the Court failed to

15

consider whether Saad is liable for the subordinates actions, and asks that this Court consider this as part of Pham's claims, and should this Court find, or the Magistrate Court (upon a reconsideration) find no such accountable is warranted then Pham, concedes to a dismissal with prejudice." ECF No. 46 at 3.

Liability in a <u>Bivens</u> case is "personal, based upon each defendant's own constitutional violations." <u>Truloch v. Freeh</u>, 2755 F.2d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, in order to establish liability in a <u>Bivens</u> case, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. <u>See</u> <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994); <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663, 666 (3d Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. <u>See</u> <u>Zatler v. Wainbright</u>, 802 F.2d 397, 401 (11th Cir. 1986). <u>Respondeat superior</u> cannot form the basis of a claim for violation of a constitutional right in a <u>Bivens</u> case. <u>Rizzo v. Good</u>, 423 U.S. 362 (1976).

This Court has conducted a de novo review of the portion of the magistrate judge's report and recommendation concerning the plaintiff's claims against defendant Saad. This Court finds that the magistrate judge did, in fact, "consider whether Saad is liable for the subordinates actions" and finds that plaintiff has failed to identify any action taken by defendant Saad personally that

16

violated his constitutional rights. Therefore, this Court finds that Saad, as the Warden of FCI Gilmer, should be dismissed from this case.

E.  Defendants Potter and Kirkland

Plaintiff objects to the magistrate judge's findings in regard to defendants Kirkland and Potter and states "this Court should not adopt the R & R's recommendation to dismiss the claims against Kirkland and Potter, and should grant Pham's petition, or in the alternative remand the case back to the Magistrate Court for further findings [consistent] with Pham's objections." ECF No. 46 at 5.  The plaintiff's objection asserts that "[i]t is clear that Pham is not nor should he ever been classified with the Public Safety Factor for a "Deportable Alien" and defendants Kirkland and Potter had a duty to strictly act in accordance with B.O.P. policy, and to properly apply 5100.08 and failure to treat Pham in accordance with policy violates his rights under the equal protection clause of the U.S. Constitution."  ECF No. 46 at 5. Plaintiff objects to the portion of the magistrate judge's report and recommendation which "sets forth the provision of P.S. 5100.08(H) regarding the Deportable Alien Public Safety Factor (on page 27 lines 14-16)" and states "Pham does have an equal protection claim, to be treated like all other inmates, specifically to have the policy properly applied to him, and in doing so he is not a deportable alien, for purposes of P.S.

17

5100.08(H), and should not have been subjected to the Public Safety Factor." Id. at 4.

The BOP is responsible for determining the classification and placement of prisoners, 18 U.S.C. § 3621, and has promulgated policies and procedures to guide it in carrying out that mandate. Policy Statement ("PS") 5100.08 addresses inmate security classifications and custody designations, including the use of PSFs. Public Safety Factors are designations that account for "certain demonstrated behaviors which require increased security measures to ensure the protection of society." PS 5100.08, Ch. 2, p. 4. A PSF "H" of deportable alien requires that, at a minimum, the inmate be housed in a Low security level institution. PS 5100.08, Ch. 5, p. 9. The Deportable Alien Public Safety Factor is applied to any "male or female inmate who is not a citizen of the United States." PS 5100.08, Ch. 5, p. 9. This PSF is not removed unless ICE or the Executive Office for Immigration Review ("EOIR") determines that "deportation proceedings are unwarranted or there is a finding not to deport at the completion or deportation proceedings." PS 5100.08, Ch. 5, p. 9. The Deportable Alien PSF would also be removed if the inmate is "naturalized as a United States citizen." Id. Pursuant to BOP policy, each inmate's custody classification is reviewed annually, with the inmate's unit team and/or Warden being the final review authority. P.S. 5100.08, Ch. 6, pp. 1-2. The intent of the Custody Classification System is

to permit staff to use professional judgment within specific guidelines. Id.

Prison administrators have comprehensive discretion to control a prisoner's security classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Moreover, a federal inmate's challenge to his security classification cannot support a viable Bivens claim because a federal inmate has no constitutional right to any particular custody classification. Grayson v. Bureau of Prisons, No. 5:11cv2, 2011 WL 7154384 at *5 (N.D. W. Va. July 22, 2011) Report and Recommendation adopted by Grayson v. BOP, 2012 WL 380426 (N.D. W. Va. Feb. 6, 2012).

This Court has conducted a de novo review of the portion of the magistrate judge's report and recommendation concerning the plaintiff's claims against defendants Potter and Kirkland and the Deportable Alien Public Safety Factor, and finds that the record indicates that BOP staff used their professional judgment when designating Petitioner as a deportable alien custody level inmate and this classification was based on his Vietnamese citizenship. Because Pham's inmate file reveals no information to suggest that he has become a naturalized United States citizen or that ICE has decided not to deport him, his Deportable Alien PSF has not been removed. An inmate does not have a constitutional right to be placed in a specific security classification, and custodial classifications do not create a major disruption in a prisoner's

environment. This Court finds that the plaintiff's objection to the portion of the magistrate judge's report and recommendation which "sets forth the provision of P.S. 5100.08(H) regarding the Deportable Alien Public Safety Factor" fails and thus, plaintiff's objections are overruled.

F. Plaintiff's Retaliation Claims

This Court has conducted a review of the portion of the magistrate judge's report and recommendation concerning the plaintiff's retaliation claims. The magistrate judge correctly found that plaintiff's retaliation claims were raised for the first time over eleven months after he filed the instant <u>Bivens</u> action. All of these alleged acts occurred almost nine months after plaintiff filed the instant complaint, and are unrelated to any of the claims in this <u>Bivens</u> action; moreover, they include claims not only against FCI Gilmer staff, but also against FCI Hazelton staff, who are not even named defendants in this action. Accordingly, the magistrate judge did not consider these claims in the report and recommendation and advised that if plaintiff wishes to attempt to pursue these new claims, he must file another <u>Bivens</u> complaint and pay the filing fee. ECF No. 44 at 32-33. Because the plaintiff did not object to this portion of the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the magistrate judge's report and recommendation as to plaintiff's

retaliation claims is upheld and the plaintiff is advised that if he wishes to pursue these new claims, he must file another <u>Bivens</u> complaint and pay the filing fee.

G. <u>Plaintiff's Request for Dismissal Without Prejudice</u>

The plaintiff, in his objections, "asks this Court at a minimum, should this Court find a dismissal is warranted, that the dismissal be without prejudice, with regards to defendants Kirkland and Potter" and states that "they should not be shielded from culpability, because Pham is incarcerated, unfamiliar with the law, unable to afford counsel, and received inadequate assistance from the then available jailhouse lawyer." ECF No. 46 at 6. The plaintiff reiterates his objections in his conclusion. ECF No. 46 at 7-8. Plaintiff also filed a "motion for voluntary dismissal" (ECF No. 47) in which he requests that this Court "dismiss his claims without prejudice" on the basis that he presented his claim <u>pro se</u> and "that this claim may have been presented in a much better fashion." ECF No. 47 at 1. Plaintiff asserts that he "should be afforded a dismissal without prejudice, to allow him to revisit the case with counsel or more experienced assistance." ECF No. 47 at 2.

Defendants Saad, Potter, and Kirkland filed a response in opposition (ECF No. 48) to plaintiff's motion for voluntary dismissal and assert that "Pham's request is a belated attempt to circumvent this Court's pending recommendation that Pham's claims

against Saad, Potter, and Kirkland should be dismissed with prejudice because Pham failed to present any viable legal claim against these defendants." ECF No. 48 at 1. Defendants contend that the plaintiff "waited until it became clear that he is unlikely to succeed in this case to belatedly ask to voluntarily dismiss his case without prejudice" and that "[s]uch strategic gamesmanship, without more, cannot support a voluntary dismissal after this case has reached its current advanced stage." ECF No. 48 at 6. Further, defendants assert that "allowing Pham to dismiss his complaint without prejudice would undermine the interests of finality, efficiency, expediency, and preserving judicial resources by empowering Pham to start over, take another bite at the proverbial apple, and wholly revive a lawsuit that is already nearly resolved." ECF No. 48 at 6-7.

This Court has conducted a <u>de novo</u> review of the portion of the magistrate judge's report and recommendation recommending that Pham's claims against Saad, Potter, and Kirkland should be dismissed with prejudice because Pham failed to present any viable legal claim against these defendants. ECF No. 48 at 1. This Court has also considered plaintiff's "motion for voluntary dismissal" (ECF No. 47) and the response in opposition of defendants Saad, Potter, and Kirkland (ECF No. 48).

Federal Rule of Civil Procedure Rule 41(a)(2) allows a plaintiff, with the approval of the court, to dismiss voluntarily

an action without prejudice at any time. <u>Davis v. USX Corp.</u>, 819 F.2d 1270, 1273 (4th Cir. 1987). The purpose of Rule 41(a)(2) is to freely allow voluntary dismissals unless the parties will be unfairly prejudiced. <u>Id.</u> In determining whether the circumstances are proper for voluntary dismissal, a determination which lies within a district court's discretion, focus must be placed "primarily on protecting the interests of the defendant." <u>Id.</u> To grant voluntary dismissal without prejudice when "summary judgment is imminent" is improper. <u>Id.</u> at 1274. Further, prejudice to the defendant has even been found simply when time and effort have been expended to move for summary judgment. <u>Armstrong v. Frostie Co.</u>, 453 F.2d 914, 916 (4th Cir. 1971).

This Court finds that plaintiff's contentions cannot support a voluntary dismissal as it is clear that this motion serves to avoid the negative ramifications of a memorandum opinion and order by this Court dismissing plaintiff's claims with prejudice. Federal defendants Saad, Potter, and Kirkland moved this Court to dismiss Pham's complaint or, alternatively, to grant summary judgment in their favor because Pham had not administratively exhausted all of his claims and his complaint fundamentally failed to present any cognizable or viable legal claim (ECF No. 27 and ECF No. 28). This Court believes that it is clear that voluntary dismissal at this stage of this litigation is inappropriate and

thus, plaintiff's objection is overruled and plaintiff's motion for voluntary dismissal is denied.

## IV.   <u>Conclusion</u>

For the above reasons, the magistrate judge's report and recommendation (ECF No. 44) is ADOPTED AND AFFIRMED.  The motion to dismiss of defendants Wagner and Rice (ECF No. 35), herein construed as a motion for summary judgment, is GRANTED and plaintiff's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE as to them.  The motion to dismiss, or alternatively, motion for summary judgment of defendants Saad, Potter, and Kirkland (ECF No. 27) is GRANTED and plaintiff's complaint (ECF No. 1) is DENIED and DISMISSED WITH PREJUDICE as to them.  Plaintiff's motion to hold his 28 U.S.C. § 1331 <u>Bivens</u> suit in abeyance pending the 28 U.S.C. § 2241 outcome (ECF No. 33) is DENIED AS MOOT and the plaintiff's objections to the report and recommendation (ECF No. 46) are OVERRULED.  Further, plaintiff's motion for voluntary dismissal (ECF No. 47) is DENIED.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made or those that this Court otherwise determined <u>de novo</u>, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     March 19, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE